# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Mitchell Monroe Weatherall, | ) | C/A No. 2:15-CV-2668-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Tom Fox, Pamela Ard, & | ) | |
| Southern Health Partners, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently a pretrial detainee housed at the J. Reuben Long Detention Center ("JRL") in Horry County, South Carolina. This matter is before the court on Defendant Fox' Notice of Motion and Motion for Summary Judgment (Dkt. No. 23) and the Motion for Summary Judgment by Defendants Southern Health Partners, Inc. and Pamela Ard. (Dkt. No. 26.) The Plaintiff filed a letter addressed to the court in response to the Defendants' motions for summary judgment filed on January 19, 2016. (Dkt. No. 35.) Defendants Southern Health Partners and Pamela Ard replied to the Plaintiff's response on January 29, 2016. (Dkt. No. 37.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## ALLEGED FACTS[1]

On June 10, 2014, the Plaintiff bit into a rock while eating beans at JRL and lost a filling in his tooth. The Plaintiff placed a "sick call" informing JRL that he was in extreme pain. The

---

[1] All of the Alleged Facts are taken from pages 3-4 of the Complaint, Dkt. No. 1, unless otherwise indicated.

1

Plaintiff was told he would have to pay if he wanted his tooth fixed. The Plaintiff was given two aspirin and placed on a list to have his tooth extracted. The Plaintiff was in extreme pain, and experienced vomiting, headaches, and loss of sleep. The Plaintiff was only able to eat using one side of his mouth. In July of 2014, the Plaintiff met Defendant Pamela Ard, an LPN for Southern Health Partners[2]. (Dkt. No. 26-2 at 2.) She told the Plaintiff he would see a dentist soon and offered him two ibuprofen. The Plaintiff told her the ibuprofen was not helping. On July 16, 2014, the Plaintiff was seen by Dr. Joshua Hudson, a dentist. Dr. Hudson determined the Plaintiff's tooth was too damaged to be repaired and removed the tooth.

The Plaintiff filed fifteen (15) grievances between June 10, 2014, when he bit the rock, and July 16, 2014, when he was seen by a dentist. The Plaintiff alleges that over 90% of his grievances went unanswered within the 72 hours required by JRL policy with some taking twenty (20) days to be answered.[3]

The Plaintiff alleges that Defendant Fox is liable as the director of JRL for failing to provide adequate and qualified staff to prepare food, failing to provide adequate medical care, and maintaining policies that interfere with adequate medical care. The Plaintiff alleges that Defendants Ard and Southern Health Partners are liable for being unwilling and failing to respond to his requests for treatment. The Plaintiff seeks actual and punitive damages against the Defendants.

---

[2] Southern Health Partners is an entity contracted to provide medical care for individuals in custody at JRL. (Dkt. No. 23-2 at 1.)

[3] Any allegation that the Defendants violated a JRL policy is not actionable under 42 U.S.C. § 1983. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986). "This court is required to construe *pro se* complaints and petitions liberally." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). " [P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys,…and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Id.*

**ANALYSIS**

1. **42 U.S.C. § 1983 Claims**

The Complaint seeks to bring claims for "personal injury, negligence, and deliberate indifference.[4]" (Dkt. No. 1 at 2.)  In order to state a claim pursuant to 42 U.S.C. § 1983, a

---

[4] "Deliberate indifference" is the legal standard a plaintiff, who is a pretrial detainee, must plead in order to state a claim against a defendant under 42 U.S.C. § 1983 for violating an inmate's

3

plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As a pretrial detainee, the protections given by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, apply to the Plaintiff's case. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005). Deliberate indifference towards a pretrial detainee's serious medical need violates the Due Process clause of the Fourteenth Amendment. *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999) (applying deliberate indifference standard to pretrial detainee's claim that he was denied needed medical treatment), *cert. denied*, 529 U.S. 1067, 120 S.Ct. 1673, 146 L.Ed.2d 482 (2000). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citations omitted). "The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component)." *Harden v. Green*, 27 F. App'x 173, 176 (4th Cir. 2001) (citing *Wilson*, 501 U.S. at 298).

---

Fourteenth Amendment rights. *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992) (internal citations omitted).

### a. Section 1983 Claims against Defendant Fox

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Fox, and this court recommends that summary judgment be granted in favor of the Defendant. The Plaintiff does not allege that Defendant Fox was personally responsible for diagnosing and treating the Plaintiff's medical needs. (*See* Dkt. No. 1.) Rather, the Plaintiff alleges Defendant Fox is liable as the supervisor of JRL and his implementation of jail policies. The Plaintiff alleges that Defendant Fox is liable for failing to provide adequate and qualified staff leading to a rock being in his beans. (Dkt. No. 1 at 4.) Additionally the Plaintiff alleges Defendant Fox maintained policies that interfered with the Plaintiff receiving adequate medical care and failed carry out his responsibility to make adequate medical care available. (*Id.*) The Plaintiff seeks actual and punitive damages against all the Defendants. (*Id.* at 5.)

In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (citations omitted). The Fourth Circuit has stated a Plaintiff must show the following three elements to establish supervisor liability under section 1983:

(1) that the supervisor had actual or constructive knowledge that h[er] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

5

> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994)).  A plaintiff in a supervisory liability case "assumes a heavy burden of proof," *Slakan,* 737 F.2d at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses…provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." *Id.* (citations omitted).  "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Wilkins*, 751 F.3d at 226 (quoting *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994)).

In viewing the evidence in the light most favorable to the Plaintiff, there is no evidence tending to prove any of the prongs stated in *Wilkins* to establish Defendant Fox is liable under §1983 as a supervisor.  The Plaintiff's allegations regarding "policies" (Dkt. No. 1 at 4) are general and contain no evidence of what the policies were or how they infringed any constitutional right. As to establishing that there was a "pervasive" and "unreasonable" risk of harm, the only evidence in the record regards the isolated incident when the Plaintiff damaged his tooth which was treated within five (5) weeks of his injury.  As stated by the Fourth Circuit is *Slaken*, "pointing to a single incident" does not meet the "heavy burden" required to establish a supervisor liable. *Slakan,* 737 F.2d at 373.

6

As to the second prong in *Wilkins*, the Plaintiff has not presented evidence the Defendant Fox was deliberately indifferent, or gave any tacit authority, to any constitutional violation. Indeed, there is no evidence tending to show a constitutional violation in the case at bar. Courts in this district have held that a rock being in a prisoner's food causing injury to a tooth is "at best, the result of negligence" and "not actionable pursuant to 42 U.S.C. § 1983." *Cabbagestalk v. Richstad*, No. 3:09-CV-1834-SB, 2009 WL 4040479, at *8 (D.S.C. Nov. 19, 2009) (citing *Daniels v. Williams,* 474 U.S. 327, 328–36 (1998)); *see also Callaham v. Stevenson*, No. 2:08-CV-3147-CMC-RSC, 2008 WL 4613511, at *1 (D.S.C. Oct. 15, 2008). It is well settled that negligence is not actionable under § 1983. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct…. ").

The Plaintiff alleges that Defendant Fox is liable for failing to provide adequate medical care and maintaining policies that interfere with adequate medical care. The Plaintiff received treatment for his damaged tooth within five (5) weeks of his injury. (*See* Dkt. No. 1.) In order for a delay in care to be a constitutional violation, the delay, itself, must cause substantial harm. *See Boswell v. Claiborne Par. Det. Ctr.*, No. 14-31250, 2015 WL 6161810 (5th Cir. Oct. 21, 2015) (affirming the dismissal of the claim of the plaintiff, a pretrial detainee, who failed to demonstrate that a delay in receiving medical treatment resulted in substantial harm); *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (holding that a delay in medical care may only constitute an Eighth Amendment violation when the delay resulted in substantial harm); *Russell v. Lanier*, 404 F. App'x 288, 290 (10th Cir. 2010) (holding that a delay in medical care may only constitute a Fourteenth Amendment violation when the delay resulted in substantial harm); *Wynn v. Mundo,* 367 F.Supp.2d 832, 838 (M.D.N.C. 2004). There is no evidence in the case at bar showing the Plaintiff was harmed by having to wait five weeks to have his tooth extracted. The

7

Plaintiff concedes the damage to the tooth required it to be extracted and the extraction was performed by a dentist. (Dkt. No. 1.) According to his complaint, he was repeatedly offered ibuprofen for the pain before the tooth was removed. (*Id.*) He was also examined and given ibuprofen by medical staff at the detention center between the date of his injury and his visit to the dentist. (*See* Dkt. No. 26-1 at 7-10.) He was instructed that if he was still in pain, he could request another visit to the medical staff while he was waiting on his dental appointment. (Dkt. No. 26-2 at 18.) The Plaintiff does not allege his tooth might have been saved with more prompt treatment.

The third prong in *Wilkins* requires the Plaintiff show a link between Defendant Fox's alleged inaction and the particular constitutional injury suffered. Assuming *arguendo* the Plaintiff suffered a constitutional deprivation, the only evidence linking Defendant Fox to the Plaintiff's dental treatment is the Plaintiff's conclusory accusations in his Complaint. "While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment…." *Jeter v. Smith*, No. 9:11-CV-1149-JFA, 2012 WL 1570079, at *5 (D.S.C. Feb. 24, 2012), *report and recommendation adopted*, No. 9:11-CV-1149-JFA, 2012 WL 1570076 (D.S.C. May 3, 2012). No evidence in the record shows that Defendant Fox deliberately disregarded the Plaintiff's serious medical needs. Therefore, as to the Plaintiff's § 1983 claims against Defendant Fox, this court recommends Defendant Fox's Motion for Summary Judgment (Dkt. No. 23) be granted.

### b. Section 1983 Claims against Defendant Ard

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Pamela Ard, and this court recommends that summary judgment be granted in favor

of the Defendant. The Plaintiff alleges that Defendant Ard told the Plaintiff he would see a dentist "soon" after damaging his tooth, but did not give him a specific date. (Dkt. No. 1 at 3.) Defendant Ard offered the Plaintiff ibuprofen for his pain. (*Id.*) The Plaintiff alleges this medication did not provide him relief. (*Id.*) Finally, the Plaintiff alleges Defendant Ard did not respond to his requests for treatment.[5] (*Id.*)

In viewing the allegation in the light most favorable to the Plaintiff, the Plaintiff has not alleged sufficient facts to establish that Defendant Ard was deliberately indifferent towards his medical needs. Assuming arguendo the Plaintiff's tooth was a sufficiently serious medical need, there is no evidence Defendant Ard acted with a culpable state of mind as required by the second prong of *Harden.* 27 F. App'x at 176. The record shows that Defendant Ard aided the Plaintiff by arranging for him to see a dentist. The Plaintiff was seen by the jail medical staff and given ibuprofen. He was taken to a dentist and his tooth was extracted approximately five weeks after he damaged it. There is nothing in the record to support that Defendant Ard was deliberately indifferent towards the Plaintiff. This court finds that there is no genuine issue of material fact and Defendant Ard is entitled to judgment as a matter of law.

### c. Section 1983 Claims against Defendant Southern Health Partners

Defendant Southern Health Partners[6] is entitled to judgment as a matter of law. As discussed *supra*, liability under § 1983 is personal. The doctrines of vicarious liability and

---

[5] The Plaintiff alleges that Defendant Ard's "staff" did not respond to his requests to be treated as well. (Dkt. No. 1 at 4.) To the extent the Plaintiff is attempting to assert a claim against Defendant Ard under a theory of *respondeat superior*, his claim fails. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

[6] The Fourth Circuit has noted that a private corporation may be a person acting under color of state law. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 729 (4th Cir. 1999) (dictum) (holding that the principles of § 1983 municipal liability "apply equally to a private corporation that employs special police officers").

respondeat superior are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). The sole allegation against Southern Health Partners is a passing reference to its supervisory capacity over Defendant Ard and "her staff." (Dkt. No. 1 at 4.) The Plaintiff does not make any specific allegations against Defendant Southern Health Partners. Therefore, no genuine issue of material fact exists as to the Plaintiff's § 1983 claim against Defendant Southern Health Partners, and this court recommends Defendant Southern Health Partners' Motion for Summary Judgment be granted.

### 2. State Law Claims

#### a. Negligence Claims against Defendant Fox

The Plaintiff alleges that Defendant Fox was negligent in his capacity as the "Director" of JRL. (Dkt. No. 1.) Defendant Fox is entitled to judgment as a matter of law because he is not a proper party under the South Carolina Tort Claims Act ("the Act"), § 15-78-10 *et seq.* The Act is the exclusive remedy for any tort committed by an employee of a governmental entity. "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except…if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70. The Act "governs all tort claims against governmental entities." *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004) (citing *Flateau v. Harrelson,* 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct.App.2003)). All governmental entities may be held liable for their torts as a private

individual would be liable subject to the limitations and exemptions of the Act. *Id.* (citing S.C. Code Ann. § 15-78-40 (Supp. 2003)). S.C. Code Ann. § 15-78-30(d) defines "governmental entity" as "the State and its political subdivisions." A county is the proper party under the Act for tortious acts committed by employees of a county detention center. *See e.g. Jinks v. Richland Cty.*, 355 S.C. 341, 348, 585 S.E.2d 281, 285 (2003) (holding the county detention center responsible for the conduct of correctional officers acting in a grossly negligent manner in monitoring an arrestee). The limitations and exemptions in the act must be liberally construed in order to limit the liability of the State. *Hawkins*, 358 S.C. at 292.

The Act prohibits any action against Defendant Fox in his capacity as the director of JRL. The Plaintiff's allegations against Defendant Fox all fall within the scope of his employment. The Plaintiff alleges Defendant Fox failed to provide adequate staff and training, failed to carry out his responsibilities, failed to remedy the Plaintiff's condition, and maintained policies that interfered with adequate medical care. (Dkt. No. 1 at 4.)   The Plaintiff has not sued any governmental entity as required by the Act. This court finds no genuine issue of material fact as to the state law negligence claims against Defendant Fox and recommends that Defendant Fox is entitled to judgment as a matter of law.

### b. Negligence Claims against Defendants Ard and Southern Health Partners

The Plaintiff alleges that Defendants Ard and Southern Health Partners were negligent for failing to respond to his requests for treatment. (Dkt. No. 1 at 5.)  The Plaintiff's claims fail as a matter of law. All of the allegations against Defendants Ard and Southern Health Partners arise out of the medical treatment he received while in JRL. (Dkt. No. 1.)  Where a plaintiff brings claims arising from alleged negligent medical treatment, the claims are for medical malpractice. *Millmine v. Harris*, No. 3:10-1595-CMC, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2011). "The burden of proof of negligence, proximate cause, and injury in a medical malpractice

case is on the plaintiff throughout." *Dumont v. United States*, 80 F. Supp. 2d 576, 581 (D.S.C. 2000).  A plaintiff must comply with the applicable substantive state law governing medical malpractice claims when proceeding in federal court.  *Id.* South Carolina Code Section 15-79-125 requires, in part, that "[p]rior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness."  In South Carolina, a Plaintiff alleging a medical malpractice claim must prove the following at trial by a preponderance of the evidence:

> (a) the recognized and generally accepted standards, practices, and procedure in the community which would be exercised by competent physicians in the same specialty under the same circumstances;
>
> (b) that the physician or medical personnel negligently deviated from the generally accepted standards, practices, and procedures;
>
> (c) that such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and
>
> (d) that the plaintiff was injured.

*Argot v. Harden*, No. 4:11-CV-2755-MBS-TER, 2013 WL 625528, at *7 (D.S.C. Jan. 10, 2013), *report and recommendation adopted*, No. 4:11-CV-2755-RMG, 2013 WL 625489 (D.S.C. Feb. 20, 2013) (citation omitted).  The Plaintiff must establish by expert testimony the standard of care and the alleged breach unless the standard and breach are common knowledge. *Id.* (citing *Martasin v. Hilton Head Health Sys. L.P.*, 364 S.C. 430, 613 S.E.2d 795, 799 (2005)).

The Plaintiff in the case at bar has not complied with S.C. Code § 15-79-125 nor is there any evidence in the record to establish the elements of a medical malpractice claim.  The Plaintiff did not include "a Notice of Intent to File Suit and an affidavit of an expert witness" as required by S.C. Code § 15-79-125.  The Plaintiff has not alleged or provided any expert opinion as to what the standard of care was, how Defendants Ard and Southern Health Partners breached the standard of care, or how Defendants Ard and Southern Health Partners were the proximate

cause of his injury.[7]  The Plaintiff has not alleged sufficient facts to comply with South Carolina law to move forward with a medical malpractice claim.  This court recommends Defendants Ard and Southern Health Partners' Motion for Summary Judgment be granted.

## CONCLUSION

In viewing the facts in the light most favorable to the Plaintiff, the court finds there is no genuine issue of material fact as to whether the Plaintiff "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and this court recommends that the Defendants are entitled to summary judgment as a matter of law.  *Dowe*, 145 F.3d at 658.  Wherefore, it is **RECOMMENDED** that Defendant Fox' Notice of Motion and Motion for Summary Judgment (Dkt. No. 23) and the Motion for Summary Judgment by Defendants Southern Health Partners, Inc. and Pamela Ard (Dkt. No. 26.) be **GRANTED**.

IT IS SO RECOMMENDED.

April 14, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[7] It is uncontroverted that the Plaintiff's injury was caused by a rock in his food and his tooth was damaged beyond repair. (Dkt. No. 1 at 3-4.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).